# PETRONA SORIANO ET AL.
*v.*
# ESTEBAN ARRESE.

POSSESSION BY JOINT OWNER—LIMITATION.

1. One heir in actual possession or exercising acts of ownership is presumed to act or be in possession for all, unless his acts and declarations rebut that presumption. Such acts and declarations must be open, public, and notorious.

2. Such possession, acts, and declarations by one heir, continued for ten years, openly, publicly, and notoriously, with recorded evidence of right, will bar a right of recovery.

3. An actual possession of thirty years' duration, openly, publicly and notoriously, without record title, will bar a recovery.

October 16, 1903.

*Messrs. W. H. Hawkins* and *Rafael Guillermety* for plaintiffs.

*Messrs. Dexter & Hord* for defendant.

HOLT, Judge, gave the following charge to the jury:

This is an action of ejectment. It is one for the possession of land, involving the right or title to it. The plaintiffs sue, saying they are entitled to the possession of about 50 "cuerdas" of land, describing it, and asking that you find in their favor as to it, together with the value of the reasonable use of it since the defendant came into possession. The defendant, on the other hand, presents what in law is known as a general issue,

Soriano v. Arrese.

which puts in issue the right of the plaintiffs to the possession and their claim of ownership to the land, and also puts in issue anything for the use. The issues in the case are not complicated. The questions that you are to determine are whether the plaintiffs have shown their right to the possession or an undivided interest in it; or if, by reason of their failing to assert their right in a certain length of time, they have lost the right which they may have once had. It is your province to determine what is proven in the case.

There is testimony tending to show—I shall not detail all the testimony—that this land years ago was claimed by, and in the possession of, one Felix Soriano; that he died in 1850, leaving five children. Two of these children died without heirs, that is, without any descendants; and of course their interest passed to the other children, one of whom is the plaintiff Petrona. Another was named Felipe, who died about 1901; and the testimony shows that he had made a conveyance purporting to convey all of this land to the defendant. Another heir was named Cosme; and the testimony shows that that heir died in August, 1901, leaving six children, of whom four are living; two being dead, leaving heirs that they have recognized; and one of those children, one out of the six, has united as a plaintiff in this case. Therefore to this land in the possession of and claimed by Felix Soriano at his death there were three children entitled, if he was the owner of it, to inherit it. One of them only, who would receive one third of the land, has united in this suit.

There is testimony tending to show that after the death of Felipe, the heirs, including the plaintiff Petrona, cultivated and used portions of this land. It is for you to determine from all the testimony what credence you will give to that testimony one way or the other. You will determine from the testimony whether the husband of Petrona—the act of the husband is of

course the act of the wife—continued after the death of Felipe to exercise acts of actual ownership; or whether all the heirs, or whether only the son Felipe, exercised such acts. If there were several heirs of this ancestor, although but one was in possession of the land or exercising ownership over it, the law presumes that he was doing it for all. There is a trust relation between them. If the father of A and B dies, and A remains in possession of the land, and remains there and uses it without any assertion publicly that he claims all of it to the exclusion of the other, the law presumes that he is holding it for both of them. Prima facie this trust relationship exists on account of the need of fairness and fair dealing, therefore the possession is in law regarded as that of both; and if one child desires to claim otherwise, he must do so openly. He need not go into court to do it; but he must publicly, openly, and notoriously declare the land as his own to the exclusion of the other children. And if one child only shall publicly, openly, and notoriously claim the land as his own, and receive all the profits from it, and do this for a certain time, then in law he becomes the owner of it to the exclusion of the other heir. Now I think you understand this question; and it is, if A dies leaving three children, and one of them remains on the land or uses it silently, but does not claim the land openly and notoriously as his own exclusively, does not receive all the profits of the land, does not claim that he is absolute owner of it, then prima facie he is holding it for all of the heirs; but, on the contrary, if he does assert openly and notoriously that he is the owner of the land, and that he is using it as his own exclusively, then his possession becomes adverse to the other heir, and from that time his possession begins to ripen into a title.

Now, if you believe from this testimony that Felipe claimed and held this land as his own notoriously and publicly, receiving

Soriano v. Arrese.

the entire profits of it for a period of ten years, with record evidence of his right,—and the testimony tends to show that on February 28th, 1889, he obtained a judicial possessory title before this suit was brought; it being brought in March, 1903,—then that made him the owner in law of the land; and if that evidence is true, these plaintiffs cannot recover. Although he had no record evidence of title at all, if he claimed this land as his own and used it, as I have said to you, for thirty years, he became the owner of it, and it cuts out the other joint owners. The burden of showing the correctness of this claim of possession and use by the one joint owner who may be in possession rests upon him. The law presumes that he is holding it for the benefit of all. . And in this case the burden rests upon the defendant to show that he and Felipe claimed the land in this way.

If you should find for the plaintiffs, then it would be that the plaintiff Petrona Soriano is entitled to one third and the plaintiff Viviana Soriano to one eighteenth of the land in contest. In other words, they would be entitled to the possession of the undivided seven eighteenths of this land. Also, if you find for the plaintiffs, you may find such an amount for the use of their portion of the land during the time this defendant has had it as you may from the evidence consider reasonable.

I will repeat a little in order that you may understand it thoroughly. One of the plaintiffs, Petrona, sues as one of the heirs of Felix for an interest in this land. One of the children of another heir, Cosme, there being three of them, sues for her undivided interest. If you believe from the testimony that Felipe was merely using and in possession of this land, then the law presumes he was in possession of it, not only for his own benefit, but for the benefit of the other heirs as well. On the other hand, if you believe from the evidence he was claiming

Soriano v. Arrese.

this land as his own openly and notoriously for ten years before this suit was brought, with record evidence of it, or without it for thirty years, then he became the owner of it. If you believe from the testimony that he so claimed and used it, and was not doing it for anyone else, then the plaintiffs cannot recover. But, otherwise, they would be entitled to recover to the extent of their undivided interest in it, and also the value of the use of such interest.